UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 10 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Page David Penk,

    Plaintiff,

v.                                  Civil Action No. 19-3584 (UNA)

William Pelham Barr *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of Trinidad, Colorado, has filed an "Emergency Complaint Challenging Constitutionality of Federal Death Penalty Statute," 18 U.S.C. § 228, "facially and as applied." The Constitution limits the jurisdiction of the federal courts to deciding actual "Cases" and "Controversies." U.S. Const. Art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" that "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Because standing "is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), "the defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

1

To satisfy Article III standing, plaintiff must have at least "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547 (citations omitted). The injury must involve "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan*, 504 U.S. at 560 (citations, internal quotation marks, and internal alterations omitted). The plaintiff "must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Plaintiff has not established constitutional standing. His pleading, to the extent intelligible, focuses on matters having nothing to do with the death penalty. Most importantly, plaintiff does not claim that he is facing the death penalty. His only reported conviction is in fact a "Class C misdemeanor [that] qualifies as a petty offense." *United States v. Penk*, 319 Fed. App'x 733, 734 (10th Cir. 2009) (citing 18 U.S.C. § 19)). As a lay person, moreover, plaintiff cannot prosecute the claims of death row prisoners. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 17 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Sols. LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) (noting that "an exhaustive search of the United States Code has failed to reveal any statutory authority for lay representation of another person or a non-person entity in federal court proceedings") (citations omitted)).

The court foresees no ability for plaintiff to cure the defects of the complaint and therefore will dismiss this case with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted . . . when a trial court

2

'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (emphasis omitted)). A separate Order accompanies this Memorandum Opinion.

Date: January 8, 2020

United States District Judge